IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. PETERSON, on behalf of JAMIE PETERSON, a legally incapacitated individual, | ) ) ) ) | Case No. 1:15-cv-00969 |
| Plaintiff, | ) ) ) | Hon. Paul L. Maloney |
| v. | ) ) ) | |
| DAVID HEYMES, VILLAGE OF KALKASKA, GREG SOMERS, MARK URIBE, DAVID ISRAEL, BRUCE DONNELLY, COUNTY OF KALKASKA, UNNAMED OFFICERS OF THE MICHIGAN STATE POLICE, and UNNAMED OFFICERS OF THE KALKASKA POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S AGREED MOTION FOR
APPROVAL OF SETTLEMENT INVOLVING A LEGALLY
INCAPACITATED INDIVIDUAL**

Pursuant to Michigan Court Rule 2.420, Federal Rule of Civil Procedure 17.1, and other authorities cited below, Plaintiff respectfully moves this Court for entry of an Order approving the settlement entered into between Plaintiff, a legally incapacitated individual, and defendants David Heymes and the Village of Kalkaska ("Settling Defendants"). A proposed Order is attached hereto in Appendix 1. In support of the motion, Plaintiff states as follows:

**I.    INTRODUCTION**

Plaintiff Jamie Peterson and Defendants David Heymes and the Village of Kalkaska reached a settlement of Plaintiff's claims against those two defendants on May 23, 2018, in the amount of $525,000. The parties have agreed upon the language of a written settlement agreement, a copy of which is attached as Appendix 2.

1

Because the Plaintiff in this case is a "legally incapacitated individual," the settlement requires Court approval prior to payout. *See* Michigan Court Rule ("MCR") 2.420. Plaintiff's father, James L. Peterson (hereinafter "Guardian"), was appointed his full guardian by the Honorable Judge Lynne M. Buday of the State of Michigan Probate Court, County of Kalkaska. The Guardian has acted on Plaintiff's behalf throughout this litigation and during all settlement negotiations.

In order to protect the interests of Jamie Peterson, a legally incapacitated individual, a special needs trust will be opened on his behalf through the Michigan state courts. The Guardian has retained separate counsel for the probate proceedings, who will present the petition to open a special needs trust on September 25, 2018. The opening of a special needs trust will ensure that Mr. Peterson's settlement in this case will be managed appropriately and in a manner that is protective of Mr. Peterson's financial and medical interests.

## II.   APPLICABLE LAW

Settlements made on behalf of legally incapacitated individuals in Michigan are governed by MCR 2.420. Once an action has commenced, Subsection B of MCR 2.420 expressly provides: "In actions covered by this rule, a proposed consent judgment, settlement, or dismissal pursuant to settlement must be brought before the judge to whom the action is assigned and the judge shall pass on the fairness of the proposal." MCR 2.420(B). Accordingly, the court in which the action has been commenced "must approve or reject a proposed settlement." *Peterson v. Auto Owners Ins. Co.*, 274 Mich. App. 407, 415 (2007).

Federal district courts have authority to approve the settlements of a legally incapacitated individual's claims that are litigated in federal court. *Knight-Stanner v. Pruitt*, No. 1:08-CV-949, 2010 WL 432424, at *1 (W.D. Mich. Jan. 26, 2010) ("District courts have discretion to approve

settlements in actions before them." *citing Rusiecki v. City of Marquette,* 64 F. App'x 936, 937 (6th Cir. 2003)). Moreover, "[d]istrict courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interest of litigants who are [legally incapacitated]." *Oliva v. United States*, No. 1:15-CV-1060, 2016 WL 7665536, at *2 (W.D. Mich. Dec. 22, 2016)*, report and recommendation adopted*, No. 1:15-CV-1060, 2017 WL 76914 (W.D. Mich. Jan. 9, 2017) (*quoting Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011)). The "[f]airness of the settlement must be determined by the trial court in every case . . . . [S]ince [legally incapacitated individuals] are unable to care for themselves, they deserve the court's protection." *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988) (*quoting Centala v. Navrude*, 30 Mich. App. 30, 32–33 (1971)). The protections for legally incompetent individuals mirror those afforded to minors. *See Centala* 30 Mich. App. at 32–33 (In determining the fairness of a settlement, whether a plaintiff "is an adult incompetent rather than a minor . . . presents no distinction."); *see also* MCR 2.420.

In the context of proposed settlements involving a legally incompetent plaintiff, a district court is required to "ma[k]e an independent determination that the settlement [i]s in the [plaintiff's] best interest." *Oliva*, 2016 WL 7665536, at *2 (*quoting Green v. Nevers*, 111 F.3d 1295, 1302 (6th Cir. 1997)). The determination of whether the settlement is appropriate must be made in the best interest of the individual. Looking to the applicable Michigan state rules for guidance, "the court should consider the age and life expectancy and current and anticipated financial needs of the . . . individual, any income and estate tax implications, any impact on eligibility for government benefits, and the present value of the proposed payment arrangement." MCR 2.420 (STAFF COMMENT, 2002 AM.). As part of this analysis, a court also determines

whether the attorney's fees and costs are "fair and reasonable." *Oliva*, 2016 WL 7665536, at *3 (*quoting Dean*, 860 F.2d at 673).

### III. BACKGROUND TO SETTLEMENT

Jamie Lee Peterson spent 17 years in prison for a rape and murder he did not commit. Plaintiff is an innocent man who has been fully exonerated for this crime through DNA evidence. His innocence was recently adjudicated under Michigan's Wrongful Imprisonment Compensation Act (hereinafter, "WICA proceeding"), and the Michigan Court of Claims ruled that he did not commit the acts for which he was imprisoned. *See* 7/5/2018 Order, attached hereto as Exhibit 3.

Plaintiff filed an action under 42 U.S.C. § 1983 against defendants, including the Settling Defendants, in this Court seeking redress for his wrongful conviction and lengthy incarceration. Plaintiff claims that, among other things, he was coerced into confessing to the crimes by defendants in violation of the 5th and 14th Amendments. Plaintiff further asserted *Brady*, conspiracy, and failure to intervene claims, as well as related state law claims.

Plaintiff alleged that in response to extreme psychological pressure and manipulation by one or more defendant investigators during a series of custodial interrogations beginning in February 1997, he "confessed" to the rape and murder of a 68-year-old woman in Kalkaska in October 1996. At the time, Plaintiff was a brain-damaged 22-year-old on suicide watch in Kalkaska County Jail on an unrelated charge. Plaintiff further alleged that one or more defendants withheld exculpatory evidence that would have undermined the credibility of his "confessions" and fabricated false reports and other evidence against him. Plaintiff alleged the individual defendants conspired during the investigation to convict Plaintiff despite his innocence, and that each individual defendant personally violated his constitutional rights.

4

Finally, Plaintiff alleged *Monell* liability against the County of Kalkaska. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). As a result of these alleged violations, Plaintiff was wrongfully convicted of rape and murder, and spent 17 years in prison. Plaintiff alleged he suffered damages, including loss of liberty, physical injury and sickness, and emotional pain and suffering.

Settling Defendants deny all wrongdoing, deny they used improper tactics to coerce a confession from Plaintiff, withheld exculpatory evidence or fabricated evidence, conspired to convict Plaintiff and deny that the County of Kalkaska is liable for Plaintiff's alleged constitutional injuries.

Jamie Peterson filed this action on September 9, 2015. In the almost three years since, the parties have engaged in initial discovery and have hotly litigated certain threshold legal issues, including collateral estoppel and qualified immunity. After several rounds of briefing and argument, this Court denied the Defendants' motions to dismiss. Those issues are now on appeal to the Sixth Circuit Court of Appeals (the status of which is that the appeal is fully briefed and argument will be held on October 4). The Settling Defendants and Plaintiff parties reached this settlement on May 23, 2018. Plaintiff's case will move forward to against other defendants.

## IV. PROPOSED SETTLEMENT

### A. The Settlement Terms

Under the terms of the settlement, the insurer of Defendants Heymes and the Village of Kalkaska will pay $525,000, inclusive of damages and attorney's fees and costs, in exchange for Plaintiff's dismissal of the Settling Defendants. The proposed settlement disposes of all claims as to Defendants Heymes and the Village of Kalkaska in their official and individual capacities from Plaintiff's § 1983 civil rights lawsuit. In addition to providing Mr. Peterson with substantial

5

compensation for his injuries now, this settlement allows him to proceed on all of his claims against Defendant Somers (the lead detective in the Montgomery investigation), as well as Defendant Israel (who participated in his interrogation) and the County of Kalkaska. In other words, Plaintiff hopes that $525,000 will not be his total recovery for 17 years of wrongful imprisonment, but rather, represents only a portion of damages, which he may use now without waiting for the litigation to conclude.

The settlement proceeds will be paid into a Special Needs Trust intended to protect the best interest of Plaintiff, ensure the longevity of these settlement proceedings, and protect his public benefits, including Medicaid and SSI.[1] The settlement is fair and in the best interests of Jamie Peterson.

### B. Attorney's Fees and Costs

The total share of the settlement allocated to Plaintiff's attorney's fees and costs is $235,220.78. Plaintiff is represented by Loevy & Loevy, which accepted Plaintiff's case on a contingent fee basis. The contingency fee of $210,000 represents 40 percent, pursuant to the retainer agreement. In addition, Plaintiff incurred $25,220.78 in actual litigation costs (see Exhibit 4), which counsel advanced. The aforementioned attorneys' fees and costs are fair and reasonable. Plaintiff will net $289,779.22.

The work performed by Plaintiff's attorneys warrants the agreed upon fees and costs. Loevy & Loevy is located in Chicago and the agreement is "consistent with the market in the Northern District of Illinois." *Sanchez v. Roka Akor Chicago LLC*, No. 14-CV-4645, 2017 WL 1425837, at *6 (N.D. Ill. Apr. 20, 2017) (A "request for effectively 39.5% of the common fund"

---

[1] Subsection B(5) of MCR 2.420 requires that: "If a settlement or judgment provides for the creation of a trust for the minor or legally incapacitated individual, the circuit court shall determine the amount to be paid to the trust, but the trust shall not be funded without prior approval of the trust by the probate court pursuant to notice to all interested persons and a hearing."  MCR 2.420 (B)(5). Here, the creation of a trust is not a condition of the federal settlement. Plaintiff is separately filing the necessary pleadings in state court to obtain approval of the trust.

was reasonable.); *see In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 845 (N.D. Ill. 2015) (The "usual range for contingent fees is between 33 and 50 percent." (*quoting Matter of Cont'l Illinois Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992)*, as amended on denial of reh'g* (May 22, 1992)); *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, No. 97 C 7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) ("A customary contingency fee would range from 33 1/3% to 40% of the amount recovered."). "Because [contingent-fee contracts] shift part of the risk of loss from client to lawyer, [they] usually yield a larger fee in a successful case than an hourly fee would." *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) ("The typical contingent fee is between 33 and 40 percent").

Michigan courts agree that "a normal 33 ⅓% or 40% contingency fee arrangement in most cases might be deemed reasonable" and have approved arrangements where attorney fees are within that range. *Rio Hair Naturalizer Prod. Liab. Litig.*, No. MDL 1055, 1996 WL 780512, at *20 (E.D. Mich. Dec. 20, 1996); *see Miller v. Molette*, No. 235575, 2003 WL 21186587, at *1 (Mich. Ct. App. May 20, 2003) (settlement of $85,000, of which $55,902.60 went to plaintiff's estate and the rest, approximately 35 percent, covered attorney fees and costs, was approved); Brief on Behalf of Defendant-Appellees, *Stanke, ex rel. Isabella Bank & Tr. v. Stanke*, No. 263446, 2008 WL 216071, at *1 (Mich. Ct. App. Jan. 24, 2008) (court approved settlement where a minor netted $262,981.72 from the $400,000 settlement after the contingency fee (about 35 percent)).

Here, the allocated attorneys' fees reflect the substantial risks that Plaintiff's counsel have assumed in taking Plaintiff's case, which involves complex legal and factual issues. Plaintiff's counsel bear all the risks in such a case and receive nothing if they are ultimately unsuccessful. The foregoing authorities also provide ample support for this contingency amount.

7

WHEREFORE, the parties respectfully request that the Court enter the proposed Order attached hereto as <u>Appendix 1</u> and grant any other or further relief that the Court deems just.

**Respectfully submitted,**

**JAMIE PETERSON**

<u>/s Roshna Bala Keen</u>

Jon Loevy
Gayle Horn
Roshna Bala Keen
Loevy & Loevy
311 N. Aberdeen St., Third Floor
Chicago, Illinois 60607
Telephone: (312) 243-5900
Email: roshna@loevy.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, Roshna Bala Keen, an attorney, certify that on September 21, 2018, I caused the foregoing Plaintiff's Agreed Motion for Approval of Settlement Involving a Legally Incapacitated Individual to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

<u>/s/ Roshna Bala Keen</u>

*Attorney for Plaintiff*