## SETTLEMENT AND RELEASE OF ALL CLAIMS

This Agreement shall not be construed to be an admission of any liability by Defendants, DAVID HEYMES and THE VILLAGE OF KALKASKA, their agents, subsidiaries, attorneys, officers, employees, servants, insurers, representatives, trustees, board members, divisions, departments, courts, related municipalities or authorities or successor municipalities or authorities, heirs, successors or assigns (hereinafter "SETTLING DEFENDANTS"), by whom any liability is expressly denied. This Settlement and Release Agreement is entered into solely to avoid further expenses of litigation.

FOR AND IN CONSIDERATION OF THE PAYMENT OF FIVE HUNDRED TWENTY FIVE THOUSAND AND 00/100 ($525,000.00) DOLLARS ("CONSIDERATION") from the insurer of the SETTLING DEFENDANTS, to JAMIE LEE PETERSON and his legal guardian, JAMES L. PETERSON of 2117 E. Log Cabin Road NE, Kalkaska, Michigan 49646 (hereinafter collectively, "PLAINTIFF"), adequacy of which is hereby acknowledged, PLAINTIFF, upon payment, hereby agrees to release, acquit and forever discharge any and all actions, causes of action, claims, demands, damages, costs, loss of services, attorney fees (including those allowable under 42 U.S.C. §1988), wage losses, expenses and compensation, known or unknown, in law or in equity, which PLAINTIFF may have against THE SETTLING DEFENDANTS, in their official and individual capacities, and insurers(s), as a result of any act, or failure to act, on their part, as to the claims alleged or which could have been alleged against DEFENDANTS in *Peterson v. Heymes, et al.*, Federal District Court for the Western District of Michigan, Case #15-cv-00969 and/or in United States Court of Appeals for the Sixth Circuit, Case No. 17-2283 (collectively, the "CASE").

It is further understood and agreed by the undersigned that as soon as possible and within a reasonable amount of time following receipt by SETTLING DEFENDANTS of the executed Settlement and Release Agreement and a Stipulated Order of Dismissal, SETTLING DEFENDANTS shall issue a check for CONSIDERATION made payable to the undersigned's attorney, Loevy & Loevy.

It is further understood and agreed by the undersigned that PLAINTIFF accepts all legal and financial responsibility for any Medicaid, Medicare and/or Medicare Advantage liens arising out of the injuries alleged in this CASE. PLAINTIFF voluntarily accepts this risk and waives any and all claims of any nature and/or damages against the SETTLING DEFENDANTS and the SETTLING DEFENDANTS' insurer/TPA (third-party administrator) asserted by CMS should Medicare take such action, as well as a Private Cause of Action against the SETTLING DEFENDANTS' insurer/TPA under the Medicare Secondary Payer Act ("MSP") pursuant to 42 U.S.C. §1395y(b)(3)(A). PLAINTIFF further agrees to hold harmless, indemnify, and defend SETTLING DEFENDANTS, and their insurer/TPA from any Private Cause of Action arising out of the factual and legal allegations in the CASE, including but not limited to an action to recover or recoup Medicaid, Medicare and/or Medicare Advantage benefits paid or a loss of benefits, if Medicaid, Medicare and/or Medicare Advantage later determines that the money set aside was inadequate or spent inappropriately, or for any recovery sought by Medicaid, Medicare and/or Medicare Advantage including past, present, and future liens.

PLAINTIFF acknowledges that SETTLING DEFENDANTS and their insurer/TPA may be obligated to report the settlement information to Coordination of Benefits Contractor for Medicare in compliance with reporting requirements under the Medicare Secondary Payer Act. PLAINTIFF further acknowledges and understands that SETTLING DEFENDANTS and their

2

insurer/TPA have no control over how, or in what manner, Medicare will use such information and therefore cannot, will not and do not offer any representations, opinions, statements, warranties (implied or express), or comments on the impact this information will have on PLAINTIFF's future Medicare benefits as a result of entering in to this Release of all claims, and therefore, PLAINTIFF has freely entered into this agreement without any inducement whatsoever.

The parties understand and agree any future action or decision by the United States, Medicare, CMS, or any of its contractors will not render this Release void or ineffective, or in any way affect the finality of this settlement.

It is further understood and agreed by the undersigned that this settlement is a compromise of a disputed claim and that the payment is not to be construed as an admission of liability by the party or parties released. To the contrary, the released parties maintain that all their actions relating to this claim were done in good faith and a sincere effort to comply with the law, and that the sole purpose of this settlement is to resolve a disputed claim and forego the costs of further litigation.

It is further understood and agreed by the undersigned hereto that the injuries and damages sustained may be permanent, that further complications may be possible, and that this is not only a full and final release of all known and anticipated damages and injuries, but also of all unknown and unanticipated damages, injuries or complications, including all consequences thereof, which may later develop or occur.

SETTLING DEFENDANTS cannot, have not, and do not, provide any tax advice to PLAINTIFF in connection with this settlement.

Upon the execution of this Release and Settlement Agreement, SETTLING DEFENDANTS' attorneys will submit the stipulated dismissal order required to terminate the pending case with prejudice and without costs or attorney fees.

It is further understood that this Release contains the entire agreement between the PLAINTIFF and the SETTLING DEFENDANTS hereto and that the terms of this Release are contractual and not mere recitals.

Further, PLAINTIFF and the SETTLING DEFENDANTS have carefully read the foregoing Release and know the contents thereof, agree that the terms contained herein are fair, reasonable and in the best interest of the undersigned and sign the same as their own free acts.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

Signed, sealed and delivered the 23 day of May, 2018.

_____        _____
Witness Frances E. Carey                Jamie Lee Peterson

STATE OF MICHIGAN    )
                     ) ss
COUNTY OF KALKASKA   )

On the 23rd day of May, 2018, before me personally appeared JAMIE LEE PETERSON, to me known to be the person named herein and who executed the foregoing Release and acknowledged to me that he voluntarily executed the same.

_____
Frances E. Carey

4

Notary Public, __KALKASKA__ County, MI

My Commission Expires: __10-07-23__

Signed, sealed and delivered the __23rd__ day of __May__, 2018.

_____  _____
Witness __Frances E. Carey__  James L. Peterson

STATE OF MICHIGAN )
                  ) ss
COUNTY OF __Kalkaska__ )

On the __23rd__ day of __May__, 2018, before me personally appeared JAMES L. PETERSON, to me known to be the person named herein and who executed the foregoing Release and acknowledged to me that he voluntarily executed the same.

_____
FRANCES E. Carey
Notary Public, __Kalkaska__ County, MI

My Commission Expires: __10-07-23__

Signed, sealed and delivered the __7th__ day of __June__, 2018.

_____  _____
Witness                    G. Gus Morris
                           Attorney for Settling Defendants

5